# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:23-mj-00148 |
| v. | Charging District No. 4:19-cr-00055-SDG |
| KRISTY LYNN DAVIS | U.S. Magistrate Judge Christopher H. Steger |

## MEMORANDUM AND ORDER

KRISTY LYNN DAVIS ("Defendant") came before the Court on May 22, 2023, in accordance with Rules 5, 5.1 and 32.1 of the Federal Rules of Criminal Procedure, on a Violation Report and Petition for Warrant for Offender Under Supervision (the "Petition") [Doc. 1] out of the United States District Court for the Northern District of Georgia.

After being sworn in due form of law, Defendant was informed or reminded of her privilege against self-incrimination under the 5th Amendment and her right to counsel under the 6th Amendment to the United States Constitution.

The Court determined that Defendant wished to be represented by an attorney and that she qualified for the appointment of an attorney to represent her at government expense. Consequently, the Court **APPOINTED** Attorney Damon Burk of Federal Defender Services of Eastern Tennessee, Inc., to represent Defendant at the hearing.

Defendant was furnished with a copy of the Petition, and she confirmed that she had an opportunity to review the Petition with her attorney. The Court determined that Defendant was capable of reading and understanding the Petition. At the Court's request, AUSA Kyle Wilson explained to Defendant the offenses detailed in the Petition. Defendant acknowledged that she understood the offenses with which she is charged in the Petition. The Government moved the Court to detain Defendant without bond pending further proceedings.

The Court provided a Waiver of Rule 32.1 Hearing form to Defendant which set forth Defendant's right to counsel; right to an identity hearing; right to copies of the judgment, warrant and warrant application; right to a preliminary hearing; and right to a detention hearing [Doc. 6]. The Court explained to Defendant that she had a right to transfer those proceedings to the prosecuting district, which, in this case, is the United States District Court for the Northern District of Georgia.

1

Following consultation with her counsel, Defendant agreed to waive an identity hearing, production of the judgment, warrant, and warrant application, and any preliminary hearing;[1] however, Defendant requested a detention hearing before the undersigned rather than requesting that such proceedings be conducted in the United States District Court for the Northern District of Georgia.

At the detention hearing, the Government relied upon the information in the Petition, *to wit*: that following commencement of her second term of supervised release in late February 2023, Defendant failed a drug test—with positive confirmation for methamphetamine—which drug test was administered on March 7, 2022. She also failed a state administered drug test, although it is unclear whether the state test simply reflected the same occasion of methamphetamine use that caused her to fail her federal drug test. Defendant's counsel did not deny the positive drug test, but proffered that Defendant has a stable residence, a stable job, and was seeking mental health and drug treatment at the local state mental health treatment center (Joe Johnson Mental Health Center) at the time she was arrested. Defendant also pointed out that, following the previous supervised release revocation petition dated September 28, 2022, the Court did not detain Defendant and she reported to the United States District Court for the Northern District of Georgia as ordered.

With respect to the detention hearing, the undersigned is obligated to start with the rebuttable presumption that Defendant is a danger to any other person or to the community and that she poses a risk of flight. Based on the evidence adduced at the hearing, the Court concludes that Defendant has overcome that presumption. Based on the allegations in the Petition and the evidence proffered during the hearing, the Court finds by clear and convincing evidence that Defendant is not a danger to any other person or to the community and, by a preponderance of the evidence, that she does not pose a risk of flight. Defendant did fail a drug test while on supervised release; however, she was in the process of attempting to get mental health and substance abuse treatment and otherwise appears to be doing well in complying with the conditions of her supervised release. Consequently, the Court **DENIED** the motion to detain Defendant pending disposition of the Petition or further order of this Court.

It is, therefore, **ORDERED** that:

1. The Government's motion that Defendant be **DETAINED WITHOUT BOND** pending further proceedings in the United States District Court for the Northern District of Georgia is **DENIED**.

2. Defendant shall abide by all of the conditions of supervised release previously imposed by the United States District Court for the Northern District of Georgia.

---

[1] Defendant confirmed such waivers through her signature on the Waiver of Rule 32.1 Hearing form [Doc. 5].

3. Defendant shall self-report to the United States District Court for the Northern District of Georgia on Tuesday, June 6, 2023, at 4:00 p.m. for a revocation hearing before the Honorable United States District Judge Steven Daniel Grimberg in Room 1706, Richard Russell Federal Building and United States Courthouse, 75 Ted Turner Drive, SW, Atlanta, Georgia 30303-3309.

4. The Clerk of Court for the Eastern District of Tennessee shall promptly transmit all documents relating to this case to the Clerk of Court for the United States District Court for the Northern District of Georgia.

**ENTER.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE